UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NATALIE SUESCAN
As the natural parent of
EMILY ELISE HERNANDEZ,

    Plaintiff,

v.

DURACELL, INC. a/k/a
THE DURACELL COMPANY
AND WALGREEN CO., a
foreign profit corporation,

    Defendants.
_____/

## DEFENDANT'S, DURACELL, INC. a/k/a THE DURACELL COMPANY'S NOTICE OF REMOVAL

Defendant, DURACELL, INC. a/k/a THE DURACELL COMPANY (hereinafter "Defendant" or "Duracell") by and through the undersigned counsel hereby gives notice that the action Natalie Suescan, as the natural parent of Emily Elise Hernandez v. Duracell, Inc. a/k/a The Duracell Company, et al. Case No.: 2020-000810-CA-01 in the Circuit Court of the Eleventh Judicial Circuit Court for Miami Dade County, Florida is removed to the United States District Court in and for the Southern District of Florida, Miami Division.

### GROUNDS FOR REMOVAL

1.    On January 14, 2020, NATALIE SUESCAN, as the natural parent of EMILY ELISE HERNANDEZ (hereinafter "Plaintiff") filed this personal injury action against Defendant Duracell and Defendant Walgreen Co. in the Circuit Court of the Eleventh Judicial Circuit in and

25606534.v1

for Miami Dade County, Florida styled <u>Natalie Suescan, as the natural parent of Emily Elise Hernandez v. Duracell, Inc. a/k/a The Duracell Company, et al. Case No.: 2020-000810-CA-01</u>.

2. Defendant Duracell was served with the Complaint on January 30, 2020. This Notice of Removal is filed within thirty days of January 30, 2020.

3. This Court has jurisdiction of this action under diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

4. Pursuant to U.S.C. §§ 1332(a), federal courts have diversity jurisdiction when the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. U.S.C. §§ 1332(a); <u>Palmer v. Hosp. Auth.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994).

5. Complete diversity exists between the parties in accordance with 28 U.S.C. § 1332.

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

7. This Notice of Removal is timely under 28 U.S.C. §§ 1446(b), which provides that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

8. In accordance with 28 U.S.C. §§ 1446(a), copies of all pleadings filed in this action in the State Court are attached to this notice as composite **Exhibit A**.

### JOINDER AND CONSENT OF CO-DEFENDANT, WALGREENS CO.

9. Defendant Walgreens Co. (hereinafter "Walgreens") was served with the Plaintiff's Complaint on January 28, 2020. Subsequently, Walgreens filed a motion to dismiss, which is included within composite **Exhibit A**.

10. Since Walgreens filed its motion to dismiss in State Court, Walgreens tendered the defense and indemnification of this matter to Duracell and Duracell recently accepted the tender. Counsel for Duracell recently substituted in as counsel for Walgreens. Undersigned counsel is currently representing both Duracell and Walgreens. *See* Order on Walgreens' Substitution of Counsel attached within composite **Exhibit A**.

11. Undersigned counsel has conferred with Walgreens Co. regarding this removal. Walgreens Co. consents to the removal of this action and undersigned counsel will be filing a notice of consent and joinder to this motion immediately after this motion is filed. A copy of Walgreens' Notice of Consent and Joinder to Duracell's Notice of Removal is attached hereto as **Exhibit B**.

## DIVERSITY OF CITIZENSHIP

12. Complete diversity of citizenship exists between the Plaintiff and the Defendants.

13. Upon information and belief, Plaintiff is currently a resident and a citizen of the State of Florida.

14. Upon information and belief, Plaintiff was a resident and citizen of Miami-Dade County, Florida at the time this action was filed. *See* Plaintiff's redacted medical records attached to Plaintiff's demand letter attached hereto as **Exhibit C**.

15. None of the Defendants are citizens or residents of the State of Florida.

16. For purposes of determining its citizenship under 28 USC § 1332(c)(1), Defendant Duracell, Inc. a/k/a The Duracell Company (hereinafter "Duracell") is currently, and was at the

time Plaintiff commenced this action, a citizen of the State of Delaware because Duracell was incorporated in the State of Delaware.

17. Defendant Duracell's principal place of business is currently, and was at the time Plaintiff commenced this action, located in Wilmington, Delaware; accordingly, Defendant Duracell is also a citizen of the State of Delaware under 28 USC § 1332(c)(1).

18. For purposes of determining its citizenship under 28 USC § 1332(c)(1), Defendant Walgreens is currently, and was at the time Plaintiff commenced this action, a citizen of the State of Illinois because Walgreens was incorporated in the State of Illinois.

19. Defendant Walgreens' principal place of business is currently, and was at the time Plaintiff commenced this action, located in Deerfield, Illinois; accordingly, Defendant Walgreens is also a citizen of the State of Illinois under 28 USC § 1332(c)(1).

20. The Plaintiff, Defendant Duracell, and Defendant Walgreens are the only three parties to this action. Accordingly, complete diversity of citizenship exists under 28 USC § 1332.

**AMOUNT IN CONTROVERSY**

21. The amount in controversy exceeds $75,000, exclusive of interest and costs. Although the Complaint filed in state court merely alleges that Plaintiff's damages exceed $15,000, Defendant Duracell can establish, by a preponderance of the evidence, that the amount in controversy in this case "can more likely than not be satisfied." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001); Williams v. Best Buy Co., 269 F.3d 1316 (11th Cir. 2001) (When the "jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed" in determining if the amount in controversy exceeds the jurisdictional requirement.).

4

25606534.v1

22. If it is not apparent from the complaint that the amount in controversy exceeds $75,000, then the Notice of Removal may be filed 30 days after defendant first learns that the claim exceeds $75,000 through an amended pleading, motion, order or other paper. See 28 U.S.C. § 1446(b).

23. Courts in this District have determined that "other paper" is a broad term and can be "responses to request for admissions, settlement offers, and other correspondence between parties." Lambertson v. Go Fit, LLC, 918 F. Supp. 2d 1283, 1285 (S.D. Fla. 2013); See Weisler v. Safeco Inc. Co., 2014 U.S. Dist. LEXIS 188510, *4, 14-CV-81107-KLR (S.D. Fla. Nov. 14, 2014) (considering pre-suit demand letter to establish amount in controversy requirement for removal); See Katz v. J.C. Penney Corp, Inc., 2009 WL 1532129 (S.D. Fla. 2009) (finding that pre-suit demand letter constituted "other paper" to determine the amount in controversy exceeds the jurisdictional threshold).

24. Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal. Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, at *4 (citing Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000)).

25. While a pre-suit demand letter alone may not be determinative of the amount in controversy when it reflects mere puffing and posturing, a demand letter that provides specific information to support the plaintiff's claim for damages is entitled to more weight because such supporting information serves as evidence that a demand letter is an honest assessment of damages. See Moses v. Home Depot U.S.A., Inc., 2013 WL 11977917, at *3 (S.D. Fla. 2013).

26. In this case, Plaintiff is seeking more than $75,000, exclusive of interest and costs, in damages from Defendants as a result of the loss described in the Complaint. Plaintiff's demand

letter dated December 11, 2017 alleged in detail that due to the subject incident, Plaintiff suffered second and third degree chemical burns to her right thigh that resulted in permanent scarring of the thigh. A copy of Plaintiff's demand letter dated December 11, 2017 is attached hereto as **Exhibit C**.

27. Further, Plaintiff alleges in the Complaint that, as a result of Defendants' negligence, Plaintiff "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previous existing condition..." See Complaint, **Exhibit A**.

28. Plaintiff's Complaint states that Plaintiff's "losses are either permanent or continuing and Plaintiff will suffer the losses in the future." *See* Complaint, **Exhibit A**.

29. This demonstrates that Plaintiff's alleged damages far exceed the jurisdictional threshold of this Court and that Plaintiff's pre-suit settlement demand for $125,000 was not mere puffing, but reflected Plaintiff's honest assessment of damages.

30. Based on this Court's prior decisions above, the serious allegations in the Complaint, coupled with Plaintiff's pre-suit settlement demand seeking $125,000, are sufficient for Defendant to demonstrate that the amount in controversy easily exceeds $75,000, exclusive of interest and costs, by a preponderance of the evidence.

31. This Notice of Removal is timely because it is filed within thirty (30) days of service of process of the Complaint on January 30, 2020.

## COMPLIANCE WITH REMOVAL PROCEDURES

32. As required by 28 U.S.C. § 1446(d), Defendant filed a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for

6

25606534.v1

Miami Dade County, Florida. A copy of the Notice of Filing the Notice of Removal is attached hereto as **Exhibit D**. Defendant also served this Notice of Removal upon all adverse parties on the date set forth in the Certificate of Service below.

33. The United States District Court for the Southern District of Florida, Miami Dade Division, is the district and division within which the state court action is pending.

34. Accordingly, Defendant Duracell has satisfied all the removal prerequisites of 28 U.S.C. § 1446.

WHEREFORE, Defendant DURACELL, INC. a/k/a THE DURACELL COMPANY, notices this civil action to be removed to federal court as provided by law.

I HEREBY CERTIFY that on February 27, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted,

Rodney Janis, Esquire
Florida Bar No. 647896
Allison Jaeger, Esquire
Florida Bar No. 101104
Attorneys for Defendant
**GOLDBERG SEGALLA, LLP**
222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
(561) 618-4450 Office
(561) 618-4549 Fax
rjanis@goldbergsegalla.com
ajaeger@goldbergsegalla.com
krowe@goldbergsegalla.com

## SERVICE LIST

Fernando J. Pomares, Esquire
12002 SW 128 Court, Suite 104
Miami, FL 33186
fpomares@pomareslaw.com
305-256-2265
305-256-2275 (FAX)

Michael P. Weisberg, Esquire
1300 Coral Way
Suite 300
Miami, FL 33145
weisbergandweisberglaw@gmail.com
305-854-0996
305-403-0440 (FAX)


David M. Perez, Esquire
David M. Tarlow, Esquire
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Blvd
Fourth Floor, Miami, FL 33156
dperez@qpwblaw.com
dtarlow.pleadings@qpwblaw.com
cpino@qpwblaw.com
305-670-1101
305-670-1161 (FAX)