UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 20-cv-20864-FAM

NATALIE SUESCAN,
as the natural parent of
EMILY ELISE HERNANDEZ,

      Plaintiff,

v.

DURACELL, INC., a/k/a
THE DURACELL COMPANY
and WALGREEN CO., a foreign
profit corporation,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON
DEFENDANTS' MOTION TO STRIKE LIABILITY
EXPERT AND FROM CALLING EXPERTS AT TRIAL**

Defendants Duracell, Inc. and Walgreen Co. filed a motion to strike Plaintiff's

liability expert and to prevent Plaintiff in this personal injury product liability case from

calling any other experts at trial.  [ECF No. 27]. Plaintiff never responded to the motion

and the time to do so expired more than six months ago.

Plaintiff never listed any liability experts in her Rule 26(a)(1)(A) disclosures but

produced an unsigned report prepared by a liability expert, Richard Meier. Defense

counsel took Meier's deposition, but Defendants say he never fulfilled his agreement to

later provide a copy of his CV, a list of cases in which he provided expert testimony, invoices for the expert work, photographs taken during his inspection of the battery at issue in this lawsuit, a safety data sheet, materials he researched about Duracell AA batteries, printouts of various industry standards, and the instruction manual which accompanied the keyboard into which the batteries were placed.

Given this history, the Undersigned **respectfully recommends** that United States District Judge Federico Moreno **grant in part and deny in part** the motion. Specifically, the Undersigned recommends that the Court (1) exclude all of Plaintiff expert witnesses other than Meier; (2) require Plaintiff to provide all of the materials missing from Meier's report (assuming any are missing) within five days, including an expert report signed by Meier; (3) permit Defendants to take a second deposition of Meier within two weeks of receiving the additional information; and (4) permit Defendants to obtain supplemental expert opinions from their experts, based on the new material provided.

## I.       Background

This personal injury lawsuit arises from Plaintiff's claim that Defendant Duracell negligently manufactured a battery that leaked onto Plaintiff's five-year-old daughter's leg, causing a chemical burn. The case was previously set for trial on the Court's two-week docket commencing September 14, 2020. [ECF No. 8]. Under the terms of the initial March 12, 2020 Scheduling Order, the deadline to complete all expert and non-expert discovery was June 12, 2020. *Id*. The deadline for expert disclosure was thirty days before

the discovery deadline, which was May 12, 2020. *Id*.

The parties filed a joint motion to extend the expert disclosure and discovery deadlines to allow additional time to conduct discovery. [ECF No. 12]. The Court granted the motion and extended the expert disclosure deadline to August 19, 2020 and the discovery deadline to September 18, 2020. [ECF No. 13]. However, during Plaintiff's deposition, Defendants learned of additional witnesses who would not be available for deposition until after the expert disclosure deadline. Defendants then filed an unopposed motion to extend the discovery and expert disclosure deadlines so that Defendants' liability expert would have a chance to review all relevant testimony before finalizing her report. [ECF No. 19]. The Court granted the motion and extended the expert discovery deadline to September 18, 2020. [ECF No. 21].

The discovery deadline was extended to October 18, 2020. *Id*. On September 18, 2020, Defendants served their Rule 26(a)(2)(B) expert witness disclosure and the report prepared by Defendants' liability expert. [ECF No. 24]. However, Plaintiff did not file or serve a Rule 26(a)(2)(B) disclosure listing any experts expected to testify at trial. On September 21, 2020, Defendants served Plaintiff with their expert requests to produce and their expert interrogatories. To date, Plaintiff has failed to file responses to the expert discovery and has failed to serve any Rule 26(a)(2)(B) expert witness disclosures whatsoever. The discovery and expert disclosure deadlines have long since passed.

While Plaintiff did file her Initial Rule 26(a)(1)(A) disclosures, the disclosures do

not list any liability expert whatsoever. However, in response to Defendants' requests to produce, Plaintiff produced an unsigned report prepared by liability expert, Richard Meier. Defendants took Meier's deposition.

Defendants' motion makes the following representations:

> While Meier testified that he would provide a copy of his CV, a list of cases in which he provided expert testimony, invoices corresponding to the work he conducted, photographs taken during his inspection of the subject battery, a safety data sheet, material he researched concerning Duracell AA batteries, printouts of various ANSI standards, and the instruction manual that accompanied the keyboard when purchased, he failed to do so. Defendants are therefore still without these materials.

[ECF No. 27, pp. 2-3].

Defendants mentioned these deficiencies in the instant motion, but Plaintiff never responded. The record does not reflect that Meier ever followed up and produced the materials after promising to do so (even after Defendants' motion to strike expressly mentioned the omission).

Noting the procedural history above and emphasizing that Plaintiff failed to file any Rule 26(a)(2)(B) expert witness disclosures, Defendants move to strike any defense expert witness, including Meier, who Plaintiff intends to call at trial.

<u>The Meier Deposition</u>

Defendants attached Meier's deposition transcript to their motion. [ECF No. 27-2]. Due to the Pandemic, the deposition was conducted remotely, via ZOOM, with Meier located in Palmetto, Florida and the court reporter in Sunrise, Florida. [ECF No. 27-2, p.

6]. The text of the transcript does not disclose where the two attorneys were located, but the appearance page lists Plaintiff's counsel as being from Norfolk, Virginia and Defendants' counsel as being from West Palm Beach, Florida. *Id*. at p. 3. Both lawyers stipulated that the court reporter could administer the oath remotely. *Id*. at p. 6.

The transcript reflects that Meier brought what he deemed to be "some" materials to the deposition. He had a copy of his report. The transcript does not reveal if the report he had was signed. He did not have his C.V., though he offered to send the document to defense counsel. *Id*. at p. 7. Meier did have a list of prior expert testimony and, again, agreed to send the material to defense counsel. Immediately, however, after Meier made these announcements, defense counsel arranged for Meier's C.V. to be marked as Exhibit 1 and for his testimonial list to be marked as Exhibit 2. *Id*. at p. 7-8. The transcript says that these exhibits were "marked for identification." *Id*. at p. 8.

Further, Meier's report was marked as Exhibit 4, and the transcript shows that it was "marked for identification." *Id*. at p. 8. In addition, defense counsel said all twelve photographs which Plaintiff's counsel sent to Meier would be marked as Exhibit 6, and the photographs which Meier took in his testing (apparently, more than 50 photos) would be marked as Exhibit 7. *Id*. at pp. 10-11. The transcript explains that both sets of photographs were "marked for identification." *Id*. at pp. 10-11.

The safety data sheet which Meier obtained from the Duracell website was said to be marked as Exhibit 8, while the technical bulletin was purportedly marked as Exhibit

9. *Id*. at p. 12. A document which Meier called a spec sheet was deemed marked as Exhibit

10. *Id*. at p. 13. The ANSI standards (for American National Standards) were said to be

marked as Exhibits 11 and 12. *Id*. at p. 13-15. The manual for the Casio electronic piano

(which held the battery in question and which Meier obtained online) was, according to

defense counsel, marked as Exhibit 13. *Id*. at p. 15.

After establishing and having exhibits "marked for identification," Defendants'

counsel questioned Meier about the opinions in his report on an opinion-by-opinion

basis. *Id*. at p. 36-69. At the end of defense counsel's questioning of Meier, defense counsel

simply announced that he had no further questions, and then thanked the witness for his

patience *Id*. at p. 69. He did not announce an intent to resume the deposition after certain

materials were received, he did not complain about an inadequate deposition.

Given that defense counsel and the court reporter indicated that the materials

which Defendants say in the instant motion were never provided were in fact "**marked**

**as exhibits**" at the deposition, the Undersigned is uncertain over their status and use. It

is clear from the questioning that Defendants' attorney had a copy of the *report,* as she

questioned Meier about the opinions in his report. But she did not question him about

the photographs, the ANSI standards, the safety data sheet or other materials he

downloaded.

But if defense counsel did not have those exhibits, or could not access them over

Zoom through a shared screen arrangement, then what, exactly, was "marked" as an

exhibit – and how could a court reporter in Sunrise mark exhibits produced by an expert in Palmetto? Perhaps the marking was, in effect, a space-saving step, with the understanding that the missing exhibits would be produced later and then marked and attached.

That, however, is merely a theory. Defendants have not provided a pragmatic understanding of exactly what happened with which exhibit at the deposition, and Plaintiff's counsel never responded to the motion, so there is no explanation to unravel the mystery.

At this point, it seems clear that defense counsel had a copy of the report and questioned the witness about it. And it is clear that Meier said he would forward materials which Defendants contend were never in fact sent. But it is unclear if any item mentioned as omitted in the motion was physically with Meier in the location where he gave a deposition.

## II.    Applicable Legal Standards and Analysis

Local Rule 7.1( c), Local Rules for the United States District Court for the Southern District of Florida, provides that failure to timely serve a memorandum in opposition to a motion "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c).

Plaintiff is not proceeding pro se. Instead, she is represented by counsel, who have ignored the instant motion and who have not followed up on Meier's failure to provide

documents to defense counsel even though the omissions were expressly mentioned in the motion. Therefore, the Undersigned respectfully recommends that Judge Moreno grant (in part) the motion by default. *Aguilera v. Abraham*, No. 17-20252, 2017 WL 7790108 (S.D. Fla. Oct. 3, 2017) (granting summary judgment motion by default against a pro se plaintiff for failure to respond); *Arrington v. Hausman*, No. 15-62326-CIV-GAYLES, 2016 WL 782416, at *1 (S.D. Fla. Feb. 17, 2016) (citing *Pineda v. Am. Plastics Techs., Inc.*, No. 12-21145, 2014 WL 1946686, at *4 n.2 (S.D. Fla. May 15, 2014)); *see also Gutierrez v. Medrobotics Corp.*, No. 19-21548, 2019 WL 5260285 (S.D. Fla. July 1, 2019) (recommending that Court grant motion to dismiss by default), report adopted, 2019 WL 11506026 (S.D. Fla. Oct. 2, 2019).

In addition to recommending that the motion be granted in part by default, the Undersigned will also provide a merit-based analysis.

Fed. R. Civ. P. 26(a)(2)(B) provides that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." Rule 26(a)(2)(B) specifically requires that the written report which an expert must sign to include several types of information:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

However, if a party fails to provide information or identify a witness as required by Fed. R. Civ. P. 26(a) (i.e., failure to timely disclose or supplement), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Cooley v. Great Southern Wood Preserving*, 138 F. Appx. 149, 161 (11th Cir. 2005) ("Parties who fail to satisfy these disclosure and supplementation requirements are prohibited, pursuant to Fed. R. Civ. P. 37(c)(1), from using the undisclosed evidence 'at trial, at a hearing, or on a motion,' unless the failure is harmless.").

Exclusion is "automatic" if it was without substantial justification. *See* Fed. R. Civ. P. 37(c) advisory committee's note. "Substantial justification is justification to a degree that could satisfy a reasonable person that the parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Group, Inc.,* 268 F.R.D. 681, 682 (M.D. Fla. 2010). Additionally, the burden is on the party seeking to introduce the evidence to prove harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F. 3d 262, 272 (6th Cir. 2010).

The Eleventh Circuit has instructed district courts to review three factors when deciding whether to exclude the testimony of witnesses who are untimely disclosed: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness [is] allowed to

testify." *Pete's Towing Co. v. City of Tampa, Fla.*, 378 F. Appx. 917, 920 (11th Cir. 2010).

Prejudice occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the witness in question. *See Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821 (11th Cir. 2009) (striking expert testimony because late disclosure of the scientific basis of an expert's opinion deprived defendant of meaningful opportunity to depose him on the subject); *Alvarado v. U.S.*, No. 10-cv-22788, 2011 WL 1769097 (S.D. Fla. 2011) (granting motion to strike untimely disclosed trial witness because defendant had no meaningful opportunity to take deposition of witness).

Courts routinely strike expert reports or exclude expert testimony, which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *Warren v. Delvista Towers Condominium Association, Inc.*, No. 13-23074, 2014 WL 3764126 (S.D. Fla., July 30, 2014), citing *Santiago Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F.3d 272, 277-78 (1st Cir. 2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim*); see also generally, Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report).

The striking of an untimely disclosed expert witness can be an appropriate sanction for failing to comply with expert witness disclosure requirements, and a court has broad discretion in deciding whether to impose such a sanction. *Delvista Towers*, 2014 WL 3764126, at *2.

Framed by these rules, and aware of the Court's broad discretion in deciding whether to exclude an expert witness, the Undersigned will now discuss the three factors.

Addressing the first factor, the Undersigned notes the unremarkable fact that Meier's expert testimony is extremely important to Plaintiff's ability to prove liability. Although the Undersigned does not have the benefit of any response from Plaintiff, it may well be that Plaintiff will be unable to prevail without Meier's expert opinion testimony. Nevertheless, exclusion of the testimony may still be proper, even if the consequence results in a party's failure to establish the claim. *Delvista Towers*, 2014 WL 3764126, at *1.

Concerning the second factor, Plaintiff has not provided a reason for not disclosing Meier in a required Rule 26(a)(2)(B) disclosure. Likewise, Plaintiff has not explained why Meier failed to follow through on his commitment to send the materials to defense counsel after his deposition.

The third factor, concerning prejudice, is one which Defendants argue is in their favor. They say their ability to cross-examine Meier at trial is now compromised. In addition, they say that they are further harmed because they have not provided the omitted documentation to their own liability expert. Defendants theorize that their expert might develop rebuttal or supplemental opinions once the missing materials are produced.

The Undersigned understands that Defendants have already taken Meier's

deposition. To be sure, Defendants' ability to take a comprehensive deposition was undermined by Meier's apparent failure to produce (or have with him at his deposition) significant information required by Rule 26.

On the other hand, the instant scenario is not like one where a pre-trial deposition was not taken at all and the opposing party was sandbagged at trial by the expert's testimony. Similarly, it is not as though Defendants did not have the expert's written report. They did. The report may have been unsigned, but they questioned Meier about his report at his deposition -- and there has been no suggestion that the unsigned report is substantively different than a signed one (assuming that there is a signed one, which is far from clear). Any prejudice generated by the absence of his signature was eliminated by Defendants' questioning of him about his report.

However, the deposition was not as comprehensive as it could have been had Meier produced the materials before the deposition, or, at a minimum, brought the materials to the deposition so that there could be a shared-screen arrangement.

Exercising the broad discretion afforded judges, the Undersigned deems exclusion of Meier's testimony to be too harsh of a result. Defendants took a deposition, and they will be able to be substantially (though not completely) prepared for cross-examination at trial. However, the additional recommendations should ameliorate any lingering prejudice and result in a scenario where the violations are harmless.

The Undersigned recognizes that it was *Meier* (as opposed to Plaintiff's counsel)

12

who was supposed to forward the materials. Precluding a party from using expert opinion testimony at trial because the *expert* failed to provide additional materials after his deposition is, to an extent, analytically different than a similar scenario caused by *counsel's* lapses.

Moreover, there is nothing in the record to suggest that defense counsel made any effort to track down the missing material by, for example, reminding Plaintiff's counsel to follow up with the expert and cause him to follow through on his agreement to forward materials. If defense counsel had a compelling need for these materials, then one would assume that she would have taken steps to obtain them (as opposed to taking no steps and then waiting two months to file the motion to exclude).

The Undersigned must determine whether Plaintiff should be precluded from using Meier's opinions in this case. Courts in the Eleventh Circuit "have a strong preference for deciding cases on the merits." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *see also Vera v. Berkshire Life Ins. Co. of Am.*, No. 19-61360-CIV, 2020 WL 8184335, at *2 (S.D. Fla. Dec. 24, 2020*)*. As a result, "courts are hesitant to turn a blind eye to the Eleventh Circuit's overarching goal for resolving litigation." *Reese v. CSX Transp., Inc.*, No. CV 118-215, 2020 WL 5740253, at *17 (S.D. Ga. Sept. 24, 2020).

For Meier, therefore, the Undersigned deems exclusion too harsh. *See e.g., Southpoint Condominium Assoc., Inc. v. Lexington Ins. Co.*, No. 19-cv-61365, 2020 WL 1515769 (S.D. Fla. March 30, 2020) (denying motion to strike Plaintiff's untimely and

insufficient expert disclosures); *Carter v. BPCL Mgmt., LLC*, No. 19-60887, 2021 WL 1338256 (S.D. Fla. March 11, 2021) (denying motion to preclude expert witness from testifying after noting that a belated disclosure may be harmless if the opposing party has an opportunity to review the report and taken the expert's deposition).

Plaintiff's failure to respond to the motion is problematic, to say the least. It is sufficient to grant the motion in full by default, but the Undersigned is recommending less than that result here for Meier's testimony because the failure to produce a *signed* report and Meier's failure to send the exhibits will be harmless once remedial measures are taken.

Specifically, Plaintiff is directed to obtain the omitted exhibits from Meier and to forward them to defense counsel within 5 days. In addition, defense counsel may take another deposition of Meier within fourteen days of receiving the materials. Finally, defense counsel may provide the materials to her experts, who will be permitted to supplement their reports with new or revised opinions generated by the additional materials. Those defense experts will need to provide a supplemental report to disclose their new or revised opinions, but Plaintiff will not be permitted to take their depositions.

But for any other not-yet-disclosed expert, Plaintiff is precluded from using any of those still-unknown experts. *Penick v. Harbor Freight Tools, USA, Inc.*, No. 19-cv-23134, 2020 WL 5946473 (S.D. Fla. Oct. 7, 2020) (granting motions to strike and exclude expert witnesses for disclosure violations). None of the factors associated with Meier's opinions

and his deposition have any applicability to a potential expert who has not yet been disclosed and who might not even have been retained yet.

Defendants' motion to exclude all experts for Plaintiff is a prophylactic measure which might never be needed, as Plaintiff has not disclosed any additional experts. Nevertheless, Defendants are asking for a ruling which, in effect, states the obvious: Plaintiff may not use trial experts whose identities have not yet been revealed and whose reports have not been produced.

III.     Conclusion

The Undersigned **respectfully recommends** that Judge Moreno **grant the motion in full** as to those unnamed experts and **grant the motion in part** as to Meier, as outlined in this Report and Recommendations.

**IV.    Objections**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Federico Moreno. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and Recommendations and shall bar the parties from attacking on appeal any factual or legal conclusions contained in this Report and Recommendations to which they did not object, except upon grounds of plain error if necessary in the

interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); CTA11 Rule 3-1.

      **RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on June 11, 2021.

                                       Jonathan Goodman
                                       UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Federico A. Moreno
All counsel of record